UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Rory L Mickens,

          Petitioner,

   v.

Ron Haynes,

          Respondent.

CASE NO. 3:20-cv-05325-RBL-DWC

ORDER

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action are two motions filed by Petitioner Rory L Mickens: (1) Motion for Extension of Time to File Reply to Respondent's Response to Petition ("Motion for Extension," Dkt. 26) and (2) Motion to Stay Proceedings and for an Evidentiary Hearing on the Issues ("Motion for Miscellaneous Relief," Dkt. 27).

The Court grants the Motion for Extension (Dkt. 26) and denies the Motion for Miscellaneous Relief (Dkt. 27) without prejudice.

1. Motion for Extension (Dkt. 26)

Petitioner moves for an extension of time to file his response to Respondent's Answer. Dkt. 26. Respondent does not object to a reasonable extension of time. Dkt. 29. After review of Petitioner's Motion and the relevant record, the Motion for Extension (Dkt. 26) is granted. Petitioner's response to the Answer must be filed on or before October 9, 2020. Respondent's optional reply is due on or before October 16, 2020. The Clerk is directed to re-note the Petition for October 16, 2020.

2. Motion for Miscellaneous Relief (Dkt. 27)

In the Motion for Miscellaneous relief, Petitioner moves for a stay of the proceedings, the appointment of counsel, and for an evidentiary hearing. Dkt. 27.

First, in the caption of the Motion, Petitioner states he is seeking a stay of the proceedings. Dkt. 27 (*see* caption). However, Petitioner fails to provide any explanation regarding the request relief and makes no argument in support of a stay. *See id.* Rather, Petitioner appears to offer additional argument in support of the Petition. Petitioner must provide an adequate explanation for the relief he seeks and must provide sufficient factual information for the Court to consider his requests. As Petitioner has not provided any facts regarding his request for a stay or to support his requests, the Court declines to consider the requested relief.[1]

---

[1] The Court notes the parties agree Petitioner exhausted his claims in state court. Dkt. 22, 27, 29. Thus, it is not clear why a stay of the proceedings would be necessary. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (A stay is appropriate only where (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Nevertheless, because the Court interprets Petitioner's request for a stay (Dkt. 27) as additional argument in support of the Petition, the Court finds the denial of the Motion for Miscellaneous Relief is nondispositive. "[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." *S.E.C. v. CMKM Diamonds, Inc.,* 729 F.3d 1248, 1260 (9th Cir.2013) (internal citation omitted). By contrast, a motion to stay is nondispositive where it "[does] not dispose of any claims or defenses and [does] not effectively deny ... any ultimate relief sought." *Id. See also Mitchell v. Valenzuela,* 791 F.2d 1166, 1170 (9th Cir. 2015).

ORDER - 2

1  Second, Petitioner moves for an evidentiary hearing. Dkt. 27. In this order, the Court
2 grants Petitioner's request for an extension to file a response to the Answer, *see supra* section I.
3 As the response has not been filed and the Petition is not yet ripe for the Court's consideration,
4 the Court does not find good cause for granting leave to conduct discovery and has not
5 determined an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in
6 the United States District Courts 6(a) and 8(c). Accordingly, Petitioner's request for an
7 evidentiary hearing (Dkt. 27) is denied as premature.

8  Third, Petitioner moves for the appointment of counsel. Dkt. 27. However, there is no
9 right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary
10 hearing is required or such appointment is necessary for the effective utilization of discovery
11 procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-*
12 *Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130
13 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section
14 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at
15 any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 954. In
16 deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the
17 merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the
18 complexity of the legal issues involved." *Id.*

19 As noted above, at this time, the Court does not find good cause for granting leave to
20 conduct discovery and has not determined an evidentiary hearing will be required. *See supra*;
21 *see also* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).
22 Additionally, Petitioner effectively articulated his grounds for relief raised in the Petition, and
23 the grounds are not factually or legally complex. *See* Dkt. 8. Petitioner has not shown he is
24

likely to succeed on the merits of his case. Moreover, while Petitioner asserts he has "ADHD" and dyslexia, Dkt. 27, Petitioner has not demonstrated he has not been able to formulate responses to the Court's orders or understand filings in this case. *See* Dkt. 1, 2, 4, 5, 8, 9, 26, 27. Thus, Petitioner has not shown he is unable to litigate this case without the assistance of counsel. Accordingly, the Court finds Petitioner has not shown appointment of counsel is appropriate at this time, and Petitioner's request to appoint counsel (Dkt. 27) is denied without prejudice.

Dated this 10th day of September, 2020.

_____
David W. Christel
United States Magistrate Judge