UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Rory L Mickens,

              Petitioner,

    v.

Ron Haynes,

              Respondent.

CASE NO. 3:20-cv-05325-RAJ-DWC

ORDER

      The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner Rory L. Mickens filed his federal habeas Petition seeking relief from a state court conviction. *See* Dkt. 8. Currently pending before the Court is Petitioner's Motion to Fix/Resend Record (hereinafter the "Motion"). Dkt. 31. To the extent Petitioner requests Respondent resend a copy of the state court record, the request is denied as moot. The Court also construes the Motion, in part, as a request to appoint counsel, and directs the parties to file supplemental briefing.

      In the Petition, Petitioner raises four grounds for relief. Dkt. 8. On August 6, 2020, Respondent filed an Answer, arguing Petitioner properly exhausted his available state court remedies, but the Petition should be denied on the merits. Dkt. 22.

ORDER - 1

1   On September 11, 2020, Petitioner filed the Motion. Dkt. 31. First, Petitioner requests
2 Respondent resend the state court record. Dkt. 31. On September 14, 2020, Respondent filed a
3 Certificate of Service indicating a copy of the state court record was resent to Petitioner through
4 the United States Postal Service. Dkt. 32. Therefore, Petitioner's request to resend a copy of the
5 state court record is denied as moot.

6   In addition, attached to the Motion, Petitioner submitted evidence demonstrating the state
7 court appointed a volunteer to assist petitioner with reading and writing documents related to his
8 appeal of his criminal conviction in state court. Dkt. 31 at 6. The attached documents also
9 indicate the Department of Corrections ("DOC") temporarily suspended all volunteer access and
10 associated services at all prison facilities due to the ongoing COVID 19 pandemic. Dkt. 31 at 8.
11 It is unclear if Petitioner is receiving the aforementioned assistance, or if he continues to seek the
12 appointment of counsel to assist him with litigating this matter. In an abundance of caution, the
13 Court construes the Motion and attached documents as a request to appoint counsel.

14   However, before the Court is able to make a determination on Petitioner's request for the
15 appointment of counsel (Dkt. 31), the Court finds supplemental briefing is necessary to obtain
16 additional information, and Respondent should be offered an opportunity to respond to the
17 request. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002) (The Ninth Circuit and
18 Supreme Court precedent allow the Court to *sua sponte* order supplemental briefing.).

19   Accordingly, the Court orders the following:

20 • Petitioner is directed to file, on or before November 13, 2020, a supplement to his Motion.
21   Petitioner should address the documentary evidence which indicates he needs assistance
22   with reading and writing documents in more detail and explain whether the assistance has
23   been provided at his current prison facilities in light of the COVID 19 pandemic. Petitioner

should also address how he has been able to file numerous pleadings before the Court. Petitioner should also submit declarations or other evidentiary support related to his request for the appointment of counsel and his inability read and write documents.

- Respondent may file a supplemental response to the Motion to Appoint Counsel on or before November 20, 2020.

- Petitioner may file a reply to the Motion to Appoint Counsel on or before December 6, 2020.

The Clerk of Court is directed to re-note the Motion (Dkt. 31) and the Petition (Dkt. 8) for consideration on December 6, 2020.

Dated this 7th day of October, 2020.

David W. Christel
United States Magistrate Judge