UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RORY L. MICKENS,

           Petitioner,

    v.

RON HAYNES,

           Respondent.

CASE NO. 3:20-CV-5325-RAJ-DWC

ORDER

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Respondent answered the Petition in August 2020. Dkt. 22. The Court granted Petitioner an extension of time until May 7, 2021 to file a traverse to Respondent's Answer. Dkt. 42. The Petition is currently noted for May 14, 2021. *See id.*

Currently pending in this action are two motions filed by Petitioner Rory L Mickens: (1) Motion Requesting the Court to Order Stafford Creek Corrections Center to Provide Access to Law Library ("Motion for Access," Dkt. 43) and (2) Motion to Compel Stafford Creek Corrections Center Not to Transfer to Camp ("Motion to Compel," Dkt. 44).

ORDER - 1

1  In the Motion for Access, Petitioner asks the Court to order SCCC to provide him with
2  access to the SCCC law library and assistance from an Americans with Disabilities Act ("ADA")
3  assistant.[1] Dkt. 43. Petitioner states he has no access to legal papers or case law due to COVID-
4  19 lock down. *Id.* In the Motion to Compel, Petitioner states he is being transferred from SCCC
5  to a camp where he will not have access to the law library and asks the Court to stop his
6  upcoming transfer. Dkt. 44.

7  First, Petitioner's request for library access at SCCC and to stop his transfer, standing
8  alone, do not state a cognizable federal habeas claim. Petitioner's request is an attempt to
9  challenge his conditions of his confinement, rather than the fact or duration of his confinement.
10 This case is a federal habeas proceeding. Generally, challenges to conditions of confinement
11 must be brought in a civil rights action, and not in a § 2254 habeas petition. *See, e.g.,*
12 *Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any
13 confinement or to particulars affecting its duration are the province of habeas corpus [;] ...
14 requests for relief turning on circumstances of confinement may be presented in a § 1983
15 action."); *Seling v. Young*, 531 U.S. 250 (2001) (challenge to conditions of confinement properly
16 brought in a civil rights action, not a habeas corpus action). Furthermore, any request for
17 injunctive relief regarding the above-claimed constitutional violations are not cognizable on
18 federal habeas review. *See Muhammad v. Close,* 540 U.S. at 750; *Preiser v. Rodriguez,* 411 U.S.
19 at 498-99 (Constitutional claims which merely challenge the conditions of a prisoner's
20 confinement, whether the inmate seeks monetary or injunctive relief, fall outside the usual scope
21 of federal habeas petitions and may be brought as civil rights complaints pursuant to § 1983 in

---

[1] To the extent Petitioner challenges his ability to litigate this matter without an ADA assistant, he may file a renewed motion requesting the appointment of counsel.

1  the first instance.). Therefore, Petitioner cannot challenge his access to the SCCC law library or

2  transfer in this habeas proceeding.

3      Second, on March 9, 2021 and March 15, 2021, the Clerk's Office was notified Petitioner

4  has been transferred to Cedar Creek Corrections Center ("CCCC"). Dkt. 47, Docket entry dated

5  March 15, 2021.[2] Therefore, even if Petitioner could challenge his conditions of confinement in

6  this habeas proceeding, his requests for access to the law library at SCCC and to stop his transfer

7  are now moot.

8      Accordingly, Petitioner's Motion for Access (Dkt. 43) and Motion to Compel (Dkt. 44)

9  are denied as moot. Based on Petitioner's recent transfer to CCCC, *see* docket entry dated March

10 15, 2021, the Clerk's Office is directed to substitute Al Smack, the Superintendent of CCCC, as

11 respondent in this action. *See* 28 U.S.C. § 2242 (The proper respondent to a habeas petition is the

12 "person who has custody over [the petitioner]."); see also § 2243; *Brittingham v. United States*, 982

13 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

15     Dated this 24th day of March, 2021.

David W. Christel
United States Magistrate Judge

---

[2] The Clerk's Office re-transmitted copies of recently pleadings to Petitioner via U.S. Mail at CCCC. *See id.*

ORDER - 3