UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RORY L MICKENS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>AL SMACK,<br><br>　　　　　Respondent. | CASE NO. 3:20-CV-05325-RAJ-DWC<br><br>ORDER |

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Respondent answered the Petition in August 2020. Dkt. 22. The Court has granted Petitioner several extensions of time to file a traverse to Respondent's Answer. Dkt. 21, 30, 35, 42. Petitioner's traverse is currently due May 7, 2021 and the Petition is currently noted for May 14, 2021. *See id.*

Currently pending in this action are two motions filed by Petitioner Rory L Mickens: (1) Motion to Appoint Counsel (Dkt. 50) and (2) Motion to Amend Complaint, for Appointment of Counsel, Americans with Disabilities Act ("ADA") Provider Assistance, and Consolidate with 20-5259-RJB (Dkt. 52).

ORDER - 1

Petitioner's request to amend and consolidate (Dkt. 52, in part) is denied. Petitioner's request to appoint counsel (Dkt. 50 and Dkt. 52, in part) is re-noted for May 21, 2021 upon consideration of Respondent's status report.

1. Motion to Amend and Consolidate (Dkt. 52, in part)

Petitioner moves to consolidate this habeas petition with his 42 U.S.C. § 1983 case, Case No. 20-5259-RJB. Dkt. 52. Petitioner alleges his § 1983 action is "very complex" and his transfer to another facility was retaliatory. Dkt. 52 at 1. Petitioner alleges he does not have money to pay for his medical and grievance records from the Department of Corrections. *Id.* Petitioner also appears to request he be able to add claims challenging his conditions of confinement to this habeas proceeding. Dkt. 52. On April 26, 2021, the Honorable Robert J. Bryan, the District Judge assigned to Case No. 20-cv-5259-RJB, denied Petitioner's request to consolidate as the cases are unrelated. *See* 20-cv-5259-RJB at Dkt. 83.[1]

Petitioner's request to file an amended complaint in this matter and consolidate it with his § 1983 case is an attempt to challenge his conditions of his confinement, rather than the fact or duration of his confinement. This case is federal habeas proceeding. Generally, challenges to conditions of confinement must be brought in a civil rights action, and not in a § 2254 habeas petition. *See, e.g., Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [;] ... requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Seling v. Young*, 531 U.S. 250 (2001) (challenge to conditions of confinement properly brought in a civil rights action, not a habeas corpus action). Furthermore, any request

---

[1] Petitioner is currently under a Court order to file a proposed amended complaint in Case No. 20-cv-5259-RJB.

for injunctive relief regarding the above-claimed constitutional violations are not cognizable on federal habeas review. *See Muhammad v. Close,* 540 U.S. at 750; *Preiser v. Rodriguez,* 411 U.S. at 498-99 (Constitutional claims which merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside the usual scope of federal habeas petitions and may be brought as civil rights complaints pursuant to § 1983 in the first instance.). Therefore, Petitioner cannot challenge his conditions of confinement in this habeas proceeding, and his request to amend and consolidate is denied.

2. <u>Motions to Appoint Counsel and ("ADA") Assistance (Dkt. 50, 52)</u>

Petitioner moves for the appointment of counsel and ADA assistance. Dkt. 50, 52. Petitioner alleges he cannot electronically file his pleadings and does not have access to a computer. Dkt. 50 at 2. Petitioner alleges he does not have his transcripts and cannot afford to ship his legal boxes to his new prison facility. *Id.* Petitioner also asks for ADA assistance because he has been without his ADA access assistant for more than a month. Dkt. 52 at 2. Petitioner alleges he has ADHD, forgets issues, and confuses facts, dates, and times. Dkt. 52. In March 2021, Petitioner was transferred from Stafford Creek Corrections Center ("SCCC") to Washington Corrections Center ("WCC") and then to his final destination of Cedar Creek Corrections Center ("CCCC"). Dkt. 47; docket entry dated March 15, 2021. In his Response to the requests, Respondent does not address Petitioner's allegations he is being denied access to his ADA assistant or his legal materials. Dkt. 53 (only arguing no evidentiary hearing is necessary and Petitioner does not show the interests of justice require counsel).

The Court previously denied Petitioner's request for counsel, because he had not demonstrated he was likely to succeed on the merits, his claims were not unusually complex, and Petitioner was able to capably litigate this case and articulate his claims with the assistance of his ADA access assistant. Dkt. 42 (finding in September 2020, while housed at SCCC, Petitioner

was granted an ADA access assistant who assisted Petitioner with reading and writing of material in the law library, reading call outs, and homework and/or writing).

However, Petitioner is now housed at CCCC. *See* Dkt. Based on the allegations now before the Court, it appears Petitioner is no longer being provided with his ADA access assistant. *See* Dkt. 50, 52. It also appears Petitioner does not have access to his legal materials, and he is unable to ship is legal documents to CCCC because he is indigent. *See id.*

Before the Court is able to make a determination on Petitioner's request for the appointment of counsel, the Court orders Respondent to file a status update on or before May 21, 2021. Respondent should address Petitioner's allegations he is not being provided with an ADA access assistant and access to his legal materials. The Clerk of Court is directed to re-note the pending Motions to Appoint Counsel (Dkt. 50, 52) for consideration on May 21, 2021.

The Clerk's Office is further directed to terminate the pending noting date for the Petition (currently set for consideration on May 14, 2021). Upon the filing of Respondent's status report, the Court will set the date for filing Petitioner's traverse and consideration of the Petition.

Dated this 13th day of May, 2021.

David W. Christel
United States Magistrate Judge

ORDER - 4