1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   RORY L MICKENS,

11                          Petitioner,

12          v.

13   AL SMACK,

14                          Respondent.

CASE NO. 3:20-CV-05325-RAJ-DWC

ORDER

15

16      The District Court has referred this action filed under 28 U.S.C. § 2254 to United States

17   Magistrate Judge David W. Christel. Respondent answered the Petition in August 2020. Dkt. 22.

18   The Court has granted Petitioner several extensions of time to file a traverse to Respondent's

19   Answer. Dkt. 21,  30, 35, 42.

20      Currently pending in this action are two partial motions filed by Petitioner Rory L

21   Mickens: (1) Motion to Appoint Counsel (Dkt. 50) and (2) Motion to Amend Complaint, for

22

23

24

ORDER - 1

1  Appointment of Counsel, Americans with Disabilities Act ("ADA") Provider Assistance, and

2  Consolidate with 20-5259-RJB (Dkt. 52).[1]

3      Petitioner moves for the appointment of counsel and ADA assistance. Dkt. 50, 52.

4  Petitioner alleges he cannot electronically file his pleadings and does not have access to a

5  computer. Dkt. 50 at 2. Petitioner alleges he does not have his transcripts and cannot afford to

6  ship his legal boxes to his new prison facility. *Id.* Petitioner also asks for ADA assistance

7  because he has been without his ADA access assistant for more than a month. Dkt. 52 at 2.

8  Petitioner alleges he has ADHD, forgets issues, and confuses facts, dates, and times. Dkt. 52.

9      The Court previously denied Petitioner's request for counsel, because he had not

10 demonstrated he was likely to succeed on the merits, his claims were not unusually complex, and

11 Petitioner was able to capably litigate this case and articulate his claims with the assistance of his

12 ADA access assistant. Dkt. 42 (finding in September 2020, while housed at SCCC, Petitioner

13 was granted an ADA access assistant who assisted Petitioner with reading and writing of

14 material in the law library, reading call outs, and homework and/or writing).

15     Petitioner was transferred to Cedar Creek Corrections Center and then to the Longview

16 Work Release Facility. *See* Dkt. 47; docket entry dated March 15, 2021; Dkt. 57.  Based on the

17 allegations now before the Court, that Petitioner was no longer being provided with his ADA

18 access assistant and he did not have access to his legal materials, the Court ordered Respondent

19 to file a status update on or before May 21, 2021. *See* Dkt. 50, 52, 55.

20

21

22

23

24

---

[1] The Court previously denied Petitioner's request to amend and consolidate (Dkt. 52, in part) and re-noted the remaining Motions for May 21, 2021 upon consideration of Respondent's status report.  Dkt. 55. The Clerk's Office was directed to  terminate the pending noting date for the Petition (currently set for consideration on May 14, 2021) and upon the filing of Respondent's status report, the Court stated it would set the date for filing Petitioner's traverse and consideration of the Petition. Dkt. 55.

1        On May 18, 2021, Respondent filed his Status Report and a declaration from Community

2   Corrections Supervisor Justin W. Childers, regarding Petitioner's access to an ADA assistant and

3   legal materials at his new location in the Longview Work Release Facility. Dkt. 56, 57.

4   According to the declaration, Mr. Childers met with Petitioner on May 17, 2021, and Petitioner

5   confirmed with Mr. Childers that he did not need ADA assistance while he is a resident of the

6   Longview Work Release Facility. Dkt. 57 at 1. In addition, Mr. Childers explained that while the

7   public law library was closed, Petitioner could use a self-supplied tablet to access the internet for

8   legal research and Petitioner was agreeable to that solution. *See* Dkt. 57 at 1. *See also*

9   https://cowlitzsuperiorcourt.us/newsfeed/court-news/entry/public-law-library-updated. Finally,

10  Mr. Childers emailed the Superintendent of the CCCC and requested that the facility ship the

11  legal materials to the Longview Work Release Facility at no charge to Petitioner. Dkt. 57 at 2.

12       On June 1, 2021, Petitioner filed a one-page response to the Court's Order, stating he is

13  still without ADA assistance and reiterating his request for the appointment counsel. Dkt. 58.

14  Petitioner did not provide any additional information or argument as to why the appointment of

15  counsel is necessary. *See id.*

16       There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an

17  evidentiary hearing is required, or such appointment is necessary for the effective utilization of

18  discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.*

19  *Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,

20  1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing

21  Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint

22  counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954.

23  In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on

24

1   the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

2   complexity of the legal issues involved." *Id.*

3       The Court has not determined an evidentiary hearing is necessary or proper in this case.

4   Therefore, whether the Court should appoint counsel depends on whether the interests of justice

5   require counsel. *See id.* The declaration submitted by Respondent provides Petitioner has

6   declined assistance of an ADA assistant to help with reading and writing, Petitioner's legal

7   materials have been sent to him free of charge, and he has access to a tablet for legal research

8   while on work release. Dkt. 56, 57. Petitioner agreed to Mr. Childers' accommodations, and

9   Petitioner has not offered any additional information or details as to why the interests of justice

10   warrant the appointment of counsel. *See id.*; Dkt. 58. Petitioner does not demonstrate he is likely

11   to succeed on the merits or that his claims or Respondent's defenses are unusually complex, at

12   least beyond the complexity endemic to such constitutional issues. *See* Dkt. 50, 52, 58.  Rather,

13   Petitioner's claims appear to be the typical claims which arise in criminal appeals and habeas

14   petitions. *See Weygandt*, 718 F.2d at 954 (explaining that the likelihood of success on the merits

15   and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

16   legal issues involved are considerations "inextricably enmeshed" with the underlying claim).

17       Accordingly, the Court does not find that the interests of justice require the appointment

18   of counsel at this time. Therefore, in its discretion, the Court denies Petitioner's request to

19   appoint counsel (Dkt. 50, 52).

20       Because Petitioner has not yet filed his traverse (response to the Answer), the Court

21   grants Petitioner one short and final extension. Petitioner may file his traverse on or before July

22   9, 2021. Respondent may file a reply on or before July 16, 2021. Petitioner has now been

23   granted

24

1  multiple extensions of time to file his traverse, and no further extensions of time will be granted

2  absent extraordinary cause.

3      The Clerk is directed to re-note the Petition (Dkt. 8) for consideration on July 16, 2021.

4      Dated this 9th day of June, 2021.

5

6                                              _____
                                               David W. Christel
7                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 5